**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 28 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BEST SUNSHINE INTERNATIONAL, LTD (BVI), <br><br> Plaintiff, <br><br> and <br><br> IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> COMMONWEALTH CASINO COMMISSION, as Agency of the Commonwealth of the Northern Mariana Islands, <br><br> Defendant-Appellant. | No. 22-16630 <br><br> D.C. No. 1:22-cv-00007 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, Chief District Judge, Presiding

Argued and Submitted June 8, 2023
Honolulu, Hawaii

Before:  BADE, BUMATAY, and SANCHEZ, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Panel

The Commonwealth Casino Commission appeals the district court's order enjoining the Commission's proceedings to revoke Imperial Pacific International, LLC's ("IPI") casino-operating license and compelling the Commission to arbitrate its contract dispute with IPI. We have jurisdiction under 9 U.S.C. § 16(a)(3). Reviewing de novo, *see Balen v. Holland America Line Inc.*, 583 F.3d 647, 652 (9th Cir. 2009), we reverse.

IPI contends that under the casino license agreement ("CLA"), it is entitled to arbitrate its force majeure defense to the Commission's license revocation proceedings. The district court agreed with IPI, concluding that the plain language of the CLA provides IPI with a contractual right to assert a force majeure defense and therefore denying arbitration would deprive IPI of this defense. The district court erred.

The CLA establishes a dispute resolution process that includes the option to submit a disputed issue to non-binding arbitration: "Parties may submit the dispute to the American Arbitration Association for non-binding arbitration in accordance with applicable rules and limited by the terms of this License." Significantly, the CLA defines a "dispute" as "any and all disagreements(s) between the Parties as to terms or requirements of this License Agreement *excluding issues* relating to . . . proceedings regarding revocation or suspension of this license." (emphasis added). The dispute resolution provision later states again: "This process shall not be

applicable to License suspension and revocation proceedings . . . ." The plain language of the CLA makes clear that license revocation proceedings are not arbitrable disputes under the agreement. Those two limiting clauses would be rendered meaningless if IPI could force the Commission into arbitration any time a contractual dispute arises in a license-revocation proceeding. *See N. Marianas Hous. Corp. v. BankPacific, Ltd.*, 2021 MP 7, 22 ("[I]nterpreting a contract in a way that renders at least one clause superfluous or meaningless . . . is not preferred and will be avoided if possible." (internal quotation marks removed)); CLA § 33 ("This License Agreement is to be interpreted under the laws of the Commonwealth of the Northern Mariana Islands . . . .").

Further, applying the arbitration provision to license-revocation proceedings would allow IPI to circumvent the Commission's license-revocation process because the CLA allows parties to "submit the issue to the Commonwealth Superior Court" immediately after completion of nonbinding arbitration. The plain language of the CLA avoids this absurd result—the arbitration provision applies "prior to the initiation of *court proceedings*." (emphasis added). *See Riley v. Public Sch. Sys.*, 4 N. Mar. I. 85, 88 (1995) ("The intent of contracting parties is generally presumed to be encompassed by the plain language of contract terms."); *Manglona v. Baza*, 2012 MP 4, 36 ("[W]e avoid contract interpretations that will

3

defy common sense or lead to absurd results.").[1]

On appeal, IPI also contends that the CLA's arbitration provision functions as a delegation clause, leaving gateway questions of arbitrability to the arbitrator, not the federal courts. For a delegation clause to be enforceable, "there must be 'clear and unmistakable evidence that 'the parties agreed to arbitrate arbitrability.'" *Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1029 (9th Cir. 2022). In *Brennan v. Opus Bank*, 796 F.3d 1125 (9th Cir. 2015), we held that "incorporation of the [American Arbitration Association] rules" meets the "clear and unmistakable evidence" standard. *Id.* at 1130. The arbitration provision at issue in that case, however, stated that disputes "*shall* be settled by *binding* arbitration in accordance with the Rules of the American Arbitration Association." *Id.* at 1128 (emphasis added); *see also Caremark*, 43 F.4th at 1026 (examining an arbitration provision with similar features).

Here, the arbitration provision uses permissive language—the parties "*may*" submit a dispute to arbitration, and it specifies that any such arbitration is "*non-binding*." The CLA's use of the word "may" to describe the availability of

---

[1] We disagree with the district court's conclusion that the CLA's force majeure clause would be "effectively nullif[ied]" if IPI is unable to submit its force majeure defense to arbitration in a revocation proceeding. The CLA provides several venues in which IPI can raise a force majeure defense. IPI may raise a force majeure defense in a revocation proceeding before the Commission, in an arbitration proceeding if the matter involves a covered "dispute" under the CLA, or in a civil proceeding before the Commonwealth Superior Court.

4

arbitration is all the more notable when compared to the other dispute-resolution clauses of the CLA, which uniformly use the term "must" to require the parties to perform other obligations. Furthermore, the phrase "in accordance with applicable rules" leaves unanswered whether the "rules" to be applied are those of the arbitrator or the CLA. Unlike *Brennan* and *Caremark*, where binding arbitration was the exclusive process for the resolution of disputes in accordance with the rules of the arbitration association, the arbitration clause here does not evince a "clear and unmistakable" intent by the parties to delegate questions of arbitrability to an arbitrator.

The district court's order enjoining the Commission from proceeding with license revocation proceedings against IPI and mandating arbitration is reversed, and the matter is remanded to the district court for proceedings consistent with this disposition.

**REVERSED.**[2]

---

[2] IPI's motions for judicial notice of materials outside the record are **DENIED**.